CHRISTOPHER J. CHRISTIE
United States Attorney

JOHN G. SILBERMANN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. 973.353.6094

THOMAS W. RIGBY
TR 4128
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Tel. 202.619.1610

Attorneys for Plaintiff, U.S. Small Business Administration

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | MISC 06 94 |
| Plaintiff, | § | |
| v. | § | C.A. No. ______________ |
| EARLY STAGE ENTERPRISES, L.P., | § | Complaint |
| Defendant. | § | |

**COMPLAINT FOR OPERATING RECEIVERSHIP AND INJUNCTION UNDER 15 U.S.C. § 687c AND 13 C.F.R. § 107.1820**

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416, against Early Stage Enterprises, L.P., a New Jersey limited partnership (hereinafter, "Early Stage", "Licensee" or "Defendant"), whose principal office is located at 103 Carnegie Center, Suite 200, Princeton, New Jersey 08540. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

2. Early Stage's general partner is ESE Partners, LLC, a New Jersey limited liability company with an address of 103 Carnegie Center, Suite 200, Princeton, New Jersey 08540. Ronald R. Hahn is a principal of ESE Partners, LLC who signed relevant documents to obtain $27 million from SBA. James J. Millar is a principal of ESE Partners, LLC who signed the financial submissions to SBA that confirm the regulatory violations identified herein.

3. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

4. Early Stage is in violation of federal law and regulations. SBA's investment of $27 million of Participating Securities in Early Stage is at risk. SBA has

Case 1:06-cv-03900-LMC Document 1 Filed 08/18/2006 Page 3 of 9

determined that a receivership of Early Stage as contemplated under applicable SBA regulations is appropriate for protection of that investment of federal funds. Under these circumstances, Early Stage has already consented to appointment of SBA or its designee as the receiver of Early Stage pursuant to 13 C.F.R. § 107.1820(d)(3). Under the Regulations, which are also explicitly incorporated into Early Stage's Amended and Restated Articles of Limited Partnership, this civil action is effectively unopposed and SBA is entitled to the relief it seeks as a matter of right.

## II. EARLY STAGE IS A LICENSEE OF SBA UNDER THE ACT

5. Early Stage was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) September 26, 1997, SBA License No. 02/72-0576, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder..

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Early Stage's limited partnership agreement, as amended, expressly provides that Early Stage was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder, including without limitation 13

Case 3:06-cv-03900-MLC-DEA Document 1 Filed 08/18/2006 Page 4 of 9

C.F.R. § 107.1820.

8. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs. Pursuant to § 303 of the Act, 15 U.S.C. § 683, SBA invested federal funds in Early Stage through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, issued in by Early Stage to SBA beginning on or about January 22, 1998 and which as of this date aggregate in the total principal amount of $27,000,000.00 (TWENTY SEVEN MILLION DOLLARS).

9. Compliance with the terms of Leverage provided by SBA required that Early Stage not have a condition of Capital Impairment, as that term is defined under the Regulations.

## III. EARLY STAGE HAS VIOLATED SBA'S REGULATIONS

10. According to audited financial information provided by Early Stage to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. §107.630, Early Stage has a condition of Capital Impairment as defined under the Regulations.

11. By letter dated March 30, 2005, SBA notified Early Stage that its actual Capital Impairment Percentage was 89.2% as of September 30, 2004, against a maximum allowable 60%. SBA afforded Early Stage an opportunity to cure its condition of Capital Impairment and Early Stage has failed to cure beyond applicable cure periods under the Regulations.

Case 3:06-cv-03900-MLC Document 1 Filed 08/28/2006 Page 5 of 9

12. By letter dated May 9, 2005, SBA notified Early Stage that it had failed to cure its condition of Capital Impairment within the time limits set by SBA in writing. SBA also noted that Early Stage's Capital Impairment had risen to 123% as of December 31, 2004.

12. Early Stage's failure to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830(b).

13. Early Stage's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities.

14. Subsequently, in a submission to SBA for the quarter ended March 31, 2006, Early Stage stated to SBA that its Capital Impairment Percentage had risen to 146.58%.

15. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Early Stage may be forfeited and the company may be declared dissolved.

16. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a Licensee such as Early Stage, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the

Case 0:06-cv-03940-MLC Document 1 Filed 08/18/2006 Page 6 of 9

Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized by 15 U.S.C. § 687c to appoint SBA to act as receiver for such Licensee.

## IV. EARLY STAGE HAS ALREADY CONSENTED TO RECEIVERSHIP

17. Early Stage first issued Participating Securities to SBA on or about February 25, 1998, therefore it has been more than eight (8) years since its first issuance of Participating Securities to SBA.

18. SBA has determined that Early Stage's Capital Impairment Percentage is greater than 100%, constituting an "extreme Condition of Capital Impairment" under 13 C.F.R.§ 107.1820(b)(1), which is a "Removal Condition" under the Regulations.

19. SBA hereby exercises its right under 13 C.F.R. § 107.1820(d)(3) for the appointment of SBA as the receiver of Early Stage for the purpose of continuing the operations of Early Stage.

20. Early Stage has previously consented to SBA's exercise of its right to have SBA appointed as the receiver of Early Stage to continue its operations.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

21. Paragraphs 1 through 20 are adopted herein by reference.

22. Early Stage has an uncured condition of Capital Impairment as that term is defined under the Regulations.

23. SBA has determined that Early Stage is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

24. SBA has determined that Early Stage is in violation of the Regulations, 13 C.F.R. § 107.1830(b) and 507(a).

25. SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of Early Stage.

**COUNT TWO**

**Extreme Capital Impairment and Consent to Appointment of SBA as Receiver**

**13 C.F.R. §§ 107.1820(b)(1) and 1820(d)(3)**

26. Paragraphs 1 through 25 are adopted herein by reference.

27. Early Stage has an uncured condition of extreme Capital Impairment as that term is defined under 13 C.F.R. § 107.1820(b)(1).

28. SBA has determined that Early Stage's extreme Capital Impairment is an occurrence of a Removal Condition under 13 C.F.R. § 107.1820(d).

29. Early Stage has not cured its Capital Impairment within the time limits set by SBA in writing.

30. Early Stage has consented to SBA's right to seek the remedies under 13

Case 06-33-00900MLC Document 1 Filed 08/18/2006 Page 8 of 9

C.F.R. § 107.1820(d).

31. Among the remedies identified in 13 C.F.R. § 107.1820(d) is the right of SBA to be appointed the receiver of Early Stage under Section 311(c) of the Act, 15 U.S.C. § 687c, for the purpose of continuing its operations.

**WHEREFORE, Plaintiff prays as follows:**

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Early Stage, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Early Stage, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Early Stage's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Early Stage and all of its assets, wherever located, appoint SBA as receiver of Early Stage for the purpose of continuing the operations of Early Stage and such other relief as contained in the Proposed Order filed herewith.

D. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

Dated: 8/18/06

CHRISTOPHER J. CHRISTIE
United States Attorney

By: ______________________
JOHN G. SILBERMANN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. 973.353.6094

THOMAS W. RIGBY
TR 4128
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Tel. 202.619.1610

Attorneys for Plaintiff, U.S. Small Business Administration